UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABEL LAZCANO and ROCIO ALVAREZ BARRAGAN,<br><br>Plaintiffs,<br><br>v.<br><br>LOREN K. MILLER, *et al.*,<br><br>Defendants. | Case No. C22-1776RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on defendants' "Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6)" (Dkt. # 9). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

**I.      Background**

Plaintiffs Abel Lazcano and his wife Rocio Alvarez Barragan filed this lawsuit against Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, Ur Mendoza Jaddou, Director of United States Citizenship and Immigration Services, Loren K. Miller, Director of the USCIS Nebraska Service Center (together "USCIS"), Anthony Blinken, Secretary of the United States Department of State, Phillip Slattery, officer of the United States Department of State, and Richard C. Visek, officer of the United States Department of State (together "the State Department"), challenging the agencies' allegedly unreasonable delay in processing Alvarez Barragn's immigrant visa.

U.S. citizens and lawful permanent residents of the United States can petition for an immigrant visa for their immediate noncitizen relative by engaging in a two-step process. First, the U.S. citizen or lawful permanent resident must file a petition with U.S. Citizenship and

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 1

1  Immigration Services ("USCIS") known as a Form I-130, Petition for Alien Relative. *See* 8
2  U.S.C. § 1154(a)(1); 8 C.F.R. § 204.2. Second, if the petition is approved, the noncitizen can
3  apply to the State Department for a visa. *See* 8 U.S.C. §§ 1201(a), 1202(a). As part of the visa
4  application process, the noncitizen must appear for an in-person interview at a U.S. consulate
5  abroad. 22 C.F.R. §§ 42.61-62.

6        In cases where the alien beneficiary is physically present in the United States but not in
7  lawful status, such that he or she would be ineligible for a visa, the beneficiary may apply for a
8  provisional waiver of ineligibility prior to departing the United States by completing a Form I-
9  601A, Application for Provisional Unlawful Presence Waiver, and filing it with USCIS. *See* 8
10 U.S.C. § 1182(a)(9)(B)(v); 8 C.F.R. § 212.7(e). Once USCIS notifies the applicant and the State
11 Department of its decision on the I-601A application, the State Department will schedule the
12 case of any documentarily complete applicant for a consular interview. 9 FAM 302.11-
13 3(D)(1)(3)(c).

14       On February 4, 2019, Lazcano filed a Form I-130, Petition for Alien Relative, on Alvarez
15 Barragan's behalf. Dkt. # 1 at 8. This application was approved by USCIS on December 12,
16 2019. *Id.* Alvarez Barragan submitted her Form I-601A on or about June 22, 2020. *Id.* Plaintiffs'
17 instant suit challenges the allegedly unreasonable delay of (1) USCIS in adjudicating Alvarez
18 Barragan's Form I-601A and (2) the State Department in scheduling Alvarez Barragan's
19 consular interview. *Id.* at 9-13.

20       **II.**     **Procedural History**
21       On April 27, 2023, defendants filed a motion to dismiss, arguing that plaintiffs' claims
22 against the USCIS defendants should be dismissed as moot and that plaintiffs' claims against the
23 State Department defendants should be dismissed for failing to state a claim on which relief can
24 be granted. Dkt. # 9. Defendants also argued that any claims against Attorney General Merrick
25 Garland should be dismissed for lack of standing. *Id.* at 16.

26       On May 11, 2023, plaintiffs filed a response, agreeing that their claims against the USCIS
27 defendants should be dismissed as moot as USCIS approved Alvarez Barragan's Form I-601A
28 on February 23, 2023. *See* Dkt. # 10-1; Dkt. # 11. Plaintiffs also agreed that Attorney General

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 2

Merrick Garland should be dismissed from the case, as his inclusion in the body of the complaint was an "oversight." Dkt. # 11 at 2. However, plaintiffs argued that their claim that the State Department had unreasonably delayed scheduling Alvarez Barragan's consular interview should survive defendants' motion to dismiss. *Id.*

On May 25, 2023, plaintiffs filed a notice withdrawing their opposition to defendants' motion to dismiss. Dkt. # 13. Plaintiffs explained that after filing their opposition brief, the State Department scheduled a consular interview for Alvarez Barragan on July 14, 2023. *Id.* at 1. Accordingly, plaintiffs' "claims against all Defendants are now moot." *Id.*

### III. Discussion

Where an agency has already provided the specific relief requested by a plaintiff, a claim for a writ of mandamus is moot. *See Kuzova v. U.S. Dep't of Homeland Sec.*, 686 F. App'x 506, 507 (9th Cir. 2017) (holding claims for mandamus requesting USCIS adjudicate applications for naturalization moot because USCIS had adjudicated the claimant's application). Here, as both parties agree, the specific relief requested by plaintiffs – that USCIS adjudicate Alvarez Barragan's Form I-601A and that the State Department schedule her consular interview – has been provided by the relevant agencies. Thus, the Court agrees that the case is moot and accordingly GRANTS defendants' now-unopposed motion to dismiss.

The Ninth Circuit has explained that motions to dismiss on mootness grounds should be brought as motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where, as here, there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

### IV. Conclusion

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 9) is GRANTED. Plaintiffs' claims are dismissed with prejudice.

IT IS SO ORDERED.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 3

DATED this 26th day of May, 2023.

                     *[signature]*
                     Robert S. Lasnik
                     United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4